IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **PAPST LICENSING GMBH & CO. KG,** § § § **Plaintiff,** § § v. § **Civil Action No. _____** § **XILINX, INC.,** § § § **Defendant.** § **Jury Trial Demanded** § § § § | |

## COMPLAINT

Plaintiff Papst Licensing GmbH & Co., KG ("Papst Licensing" or "Plaintiff") files this Complaint against Xilinx, Inc. ("Xilinx" or "Defendant") for infringement of U.S. Patent Nos. 6,574,759 (the "'759 Patent") and U.S. Patent No. 6,704,891 (the "'891 Patent" and collectively with the '059 Patent, the "Papst Patents").

### I.  PARTIES

1. Plaintiff Papst Licensing is a company existing under the laws of The Federal Republic of Germany, with its principal place of business headquartered at Bahnofstrasse 33, 78112 St. Georgen, Germany.

2. Defendant Xilinx, Inc. is a corporation organized and existing under the laws of Delaware, and may be served with process by serving The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

1

## II. JURISDICTION AND VENUE

3. This is an action for patent infringement which arises under 35 U.S.C. §§ 271, 281, 284 and 285. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). On information and belief, Defendant is organized and incorporated under the laws of this judicial district, is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving their accused products in this judicial district, and/or has a regular and established places of business in this judicial district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process as Defendant is organized and incorporated under the laws of this State. Defendant has also established minimum contacts with the forum state of Delaware. Defendant has and/or does, directly and through intermediaries, ship, distribute, offer for sale, sell, advertise, operate and use their design software and tools for the purpose of infringement of the Papst Patents in the United States and the State of Delaware.

## III. FACTUAL BACKGROUND

6. The name Papst has been closely associated with patents and the protection of intellectual property for over seventy years. Hermann Papst was an engineer and inventor who was responsible for over four hundred patents in a variety of technical fields. Mr. Hermann Papst's licensure of a patent pertaining to loudspeakers enabled him to launch Papst-Motoren GmbH & Co. KG—a business that generated over six hundred patents on in-house products such

as small electric motors and cooling fans. In 1992, Papst-Motoren's patent portfolio was sold to Papst Licensing, a company founded by Mr. Hermann Papst's son, Mr. Georg Papst. Papst Licensing is a patent licensing company protecting its own and others' intellectual property rights. After Hermann Papst's death in 1981 and the passing of Georg Papst in 2012, the family business is now run by the third generation of Papsts.

7. Papst Licensing acquired the '759 and '891 patents through their predecessor-in-interest, Rambus, Inc.—a recognized leader in the area of semiconductor and memory design and testing.

8. The Papst Patents are generally directed towards methods for generating and verifying tests for memory. Simulators are used to verify that a sequence of time-ordered operations or commands complies with a set of operating constraints for the memory. The claimed methods are capable of outputting error messages when an operating constraint is violated. These error messages can identify a violated constraint and can include an adjustment to the operations or commands to resolve the operating constrain violation.

9. Xilinx had notice of the '891 patent and its relevance to Xilinx's prosecution activities as early as March 4, 2006—the date of a USPTO Examiner's completion of his Search Strategy and Results in the prosecution of Xilinx's 7,194,705 patent.

10. Additionally, on or around January 24, 2014, Papst notified Xilinx of the '891 patent and Xilinx's infringement thereof. Moreover, the parties met on October 16, 2014 to discuss Xilinx's infringement of the '891 patent.

11. On information and belief, Papst notified Xilinx of the '759 patent and Xilinx's infringement thereof on or around January 24, 2014. Additionally, the parties met on October 16, 2014 to discuss Xilinx's infringement of the '759 patent.

12. Notwithstanding the foregoing, Xilinx has infringed and continues to infringe the Papst Patents through the ongoing use of design and simulation software in an infringing manner. Moreover, Xilinx provides its customers with the accused software, including through its website at http://www.xilinx.com/support/download.html, and instructs its customers to use the software in an infringing manner, all with knowledge of the '891 patent at least as early as March 4, 2006 and with knowledge of the '759 patent at least as early as the receipt of Papst Licensing's January 24, 2014 letter to Xilinx, Inc.

## IV. PATENT INFRINGEMENT

### COUNT I — INFRINGEMENT OF U.S. PATENT 6,574,759

13. Papst Licensing is the assignee of the '759 patent, entitled "METHOD FOR VERIFYING AND IMPROVING RUN-TIME OF A MEMORY TEST," and holds all substantial rights in the same. Among other rights, Papst Licensing maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement. A true and correct copy of the '759 patent is attached as Exhibit A.

14. Xilinx has directly infringed and continues to infringe one or more claims of the '759 patent in this judicial district and elsewhere in the United States by, among other things, making, having made, using, offering for sale, and/or selling the claimed methods for generating and verifying a test of memory. At a minimum, Xilinx has been, and now is, infringing claims of

the '759 patent, including (for example) at least claim 4, by making, having made, and/or using their design software and tools that generate and verify tests for memory.

15. On information and belief, the infringing combinations include, but are not limited to, Xilinx's Virtex-7 and Virtex-6 field-programmable gate arrays (FPGAs), ISE Design Suite, Vivado Design Suite, ISE Simulator (ISim) tool, CORE Generator tool, Memory Interface Generator (MIG) tool and supporting hardware.

16. Xilinx has indirectly infringed the '759 patent by inducing the infringement of the '759 patent. With knowledge of the '759 patent, Xilinx directs and aids its customers in using the infringing method by the provision of its design software, sale of its FPGA devices and related equipment and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation available at http://www.xilinx.com/support.html) to customers with knowledge that the induced acts constitute patent infringement. Xilinx possesses specific intent to encourage infringement by its customers.

17. Papst Licensing alleges that each and every element is literally present in the accused systems. To the extent not literally present, Papst Licensing reserves the right to proceed under the doctrine of equivalents.

18. Papst Licensing has been damaged as a result of Xilinx's infringing conduct. Xilinx is thus liable to Papst Licensing in an amount that adequately compensates it for Xilinx's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II — INFRINGEMENT OF U.S. PATENT 6,704,891**

19.     Papst Licensing is the assignee of the '891 patent, entitled "METHOD FOR VERIFYING AND IMPROVING RUN-TIME OF A MEMORY TEST," and holds all substantial rights in the same. Among other rights, Papst Licensing maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement. A true and correct copy of the '891 patent is attached as Exhibit B.

20.     Xilinx has directly infringed and continues to infringe one or more claims of the '891 patent in this judicial district and elsewhere in the United States by, among other things, making, having made, using, offering for sale, and/or selling the claimed methods for generating and verifying a test of memory. At a minimum, Xilinx has been, and now is, infringing claims of the '891 patent, including (for example) at least claim 1, by making, having made, and/or using their design software and tools that generate and verify tests for memory.

21.     On information and belief, the infringing combinations include, but are not limited to, Xilinx's Virtex-7 and Virtex-6 field-programmable gate arrays (FPGAs), ISE Design Suite, Vivado Design Suite, ISE Simulator (ISim) tool, CORE Generator tool, Memory Interface Generator (MIG) tool and supporting hardware.

22.     Xilinx has indirectly infringed the '891 patent by inducing the infringement of the '891 patent. With knowledge of the '891 patent, Xilinx directs and aids its customers in using the infringing system by the provision of its design software, sale of its FPGA devices and related equipment and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation available at

http://www.xilinx.com/support.html) to customers with knowledge that the induced acts constitute patent infringement. Xilinx possesses specific intent to encourage infringement by its customers.

23. Papst Licensing alleges that each and every element is literally present in the accused systems. To the extent not literally present, Papst Licensing reserves the right to proceed under the doctrine of equivalents.

24. Papst Licensing has been damaged as a result of Xilinx's infringing conduct. Xilinx is thus liable to Papst Licensing in an amount that adequately compensates it for Xilinx's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## V.  JURY DEMAND

25. Papst Licensing demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Papst Licensing prays for judgment and seeks relief against Defendant as follows:

   a.   Judgment that one or more claims of U.S. Patent Nos. 6,574,759 and 6,704,891 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

   b.   Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: November 7, 2014 | Respectfully submitted, |
| | FARNAN LLP |
| | /s/ Brian E. Farnan |
| Of Counsel: | Brian E. Farnan (Bar No. 4089) |
| | Michael J. Farnan (Bar No. 5165) |
| Andrew G. DiNovo | 919 North Market Street |
| Jay D. Ellwanger | 12th Floor |
| **DiNovo Price Ellwanger & Hardy LLP** | Wilmington, DE 19801 |
| 7000 North MoPac Expressway | Telephone: 302-777-0300 |
| Suite 350 | Facsimile: 302-777-0301 |
| Austin, Texas 78731 | bfarnan@farnanlaw.com |
| (512) 539-2626 (phone) | mfarnan@farnanlaw.com |
| (512) 539-2627 (fax) | |
| adinovo@dpelaw.com | |
| jellwanger@dpelaw.com | |
| | **ATTORNEYS FOR PLAINTIFF** |
| | **PAPST LICENSING GMBH & CO. KG** |