UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAPST LICENSING GMBH & CO. KG,<br><br>      Plaintiff,<br><br>      v.<br><br>XILINX INC,<br><br>      Defendant. | Case No. 16-CV-00925-LHK<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 102 |

Plaintiff Papst Licensing GmbH & Co. KG ("Papst" or "Plaintiff") filed a patent infringement suit against Defendant Xilinx, Inc. ("Xilinx" or "Defendant") and alleged that Defendant infringed claims of U.S. Patent Nos. 6,574,759 and 6,704,891 (collectively, the "Papst Patents"). Following this Court's order granting judgment on the pleadings to Defendant on the basis that the asserted patent claims were invalid for failure to claim patent-eligible subject matter under 35 U.S.C. § 101, Defendant filed the instant motion for attorney's fees pursuant to 35 U.S.C. § 285.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the motion hearing set for August 25, 2016, at 1:30 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the

1

Court DENIES the motion for attorney's fees.

## I.  BACKGROUND

Plaintiff Papst is a German patent licensing company with its principal place of business in St. Georgen, Germany. ECF No. 1 ¶¶ 1, 6. Papst is the assignee of the two patents at issue in the instant case, which Papst acquired through Papst's predecessor-in-interest, Rambus, Inc. *Id.* ¶¶ 7, 13, 19. Defendant Xilinx is a Delaware corporation that supplies programmable logic devices and software. *Id.* ¶¶ 2, 13–15.[1]

On November 7, 2014, Papst sued Xilinx in the United States District Court for the District of Delaware for alleged infringement of the Papst Patents. *Papst Licensing GmbH & Co. KG v. Xilinx, Inc.*, No. 14-CV-01376-LPS, ECF No. 1 (D. Del. Nov. 7, 2014).

Also on November 7, 2014, Xilinx filed a declaratory judgment action against Papst in the Northern District of California. *Xilinx, Inc. v. Papst Licensing GMBH & Co. KG*, No. 14-CV-04963-LHK, ECF No. 1 (N.D. Cal. Nov. 7, 2014). Xilinx sought a declaration that the Papst Patents were neither valid nor infringed. *See id.* Xilinx's declaratory judgment action was reassigned to the undersigned judge on February 23, 2015.

On February 6, 2015, Papst moved to dismiss Xilinx's declaratory judgment action in the Northern District of California for lack of personal jurisdiction, or, in the alternative, to transfer the case to the United States District Court for the District of Delaware. *See* No. 14-CV-04963-LHK, ECF No. 18. Xilinx took discovery on Papst's motion to dismiss, and thereafter filed an opposition on April 15, 2015. No. 14-CV-04963-LHK, ECF No. 52. On July 9, 2015, this Court granted Papst's motion to dismiss the California actions for lack of personal jurisdiction over Papst, ending Xilinx's declaratory judgment action. No. 14-CV-4963-LHK, ECF No. 62. Xilinx appealed to the United States Court of Appeals for the Federal Circuit, and Xilinx's appeal

---

[1] For much of its procedural history, the instant case proceeded in tandem with Papst's parallel litigation against Altera Corporation, *Papst Licensing GmbH & Co. KG v. Altera Corp.*, No. 16-CV-00926-LHK, and Altera's parallel declaratory judgment action against Papst, *Altera Corp. v. Papst Licensing GmbH & Co. KG*, No. 14-CV-04794-LHK. Papst and Altera have settled and dismissed both actions. Accordingly, this background section discusses solely the litigation between Papst and Xilinx.

2
Case No. 16-CV-00925-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

1   remains pending.  *See* Appeal No. 2015-1919.

2       Meanwhile, in the District of Delaware, Xilinx moved on February 2, 2015 to transfer the
3   Delaware action to the Northern District of California.  No. 14-CV-01376-LPS, ECF Nos. 13–14.
4   Papst filed an opposition on February 20, 2015.  *Id.*, ECF No. 18.  Xilinx filed a reply on March 2,
5   2015.  *Id.*, ECF No. 22.

6       On September 1, 2015, a magistrate judge in Delaware issued a Memorandum Order that
7   granted Xilinx's motion to transfer to the Northern District of California.  No. 14-CV-01376-LPS,
8   ECF No. 49.  Papst filed objections, which a district judge orally overruled on February 23, 2016.
9   No. 14-CV-01376-LPS, ECF No. 54.  On February 24, 2016, the case was transferred to the
10  Northern District of California and docketed as the instant action, No. 16-CV-00925-LHK.

11      On March 22, 2016, this Court issued an order relating the case transferred from Delaware
12  and the dismissed California action involving Defendant and Papst.  *See* ECF No. 66.  The case
13  transferred from Delaware was accordingly reassigned to this Court's docket that same day.

14      On May 11, 2016, Defendant filed a motion for judgment on the pleadings for failure to
15  claim patent-eligible subject matter under 35 U.S.C. § 101.  On May 25, 2016, Plaintiff filed an
16  opposition.  On May 30, 2016, Defendant filed a reply.  *See* ECF Nos. 88, 92, 94.  The Court
17  granted Defendant's motion and entered judgment for Defendant on June 9, 2016.  ECF Nos. 99,
18  100.  Papst appealed the Court's judgment to the Federal Circuit, and Papst's appeal remains
19  pending.  *See* Appeal No. 2016-2323.

20      Defendant filed the instant motion for attorney's fees on June 23, 2016.  ECF No. 102.
21  Plaintiff filed an opposition on July 7, 2016, and Defendant replied on July 14, 2016.  ECF Nos.
22  106, 113.

23  **II.   LEGAL STANDARD**

24      Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable
25  attorney fees to the prevailing party" in patent litigation.  The U.S. Supreme Court established the
26  governing standard for determining whether an award of attorney's fees is appropriate in *Octane*
27  *Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).  In *Octane*, the U.S.

Supreme Court held that an exceptional case under § 284 is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1751. District courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757. Ultimately, the decision of whether to award attorney's fees is left to the Court's discretion and is reviewed on appeal only for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014).

### III.  DISCUSSION

Xilinx argues that the instant case is exceptional both because of the substantive weakness of Papst's litigating position and because Papst pursued this litigation in an unreasonable manner. The Court concludes that neither argument is persuasive.

First, as to the substantive strength of Papst's litigating position, Papst concedes that Xilinx was the prevailing party based on the Court's grant of Xilinx's motion for judgment on the pleadings. However, this Court's rejection of Papst's arguments in opposition to the motion for judgment on the pleadings is insufficient to merit finding the instant case exceptional. "[A]s the Supreme Court made clear in *Octane*, fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Products, Inc.*, 790 F.3d 1369, 1373 (quoting *Octane*, 134 S. Ct. at 1753).

Undertaking the required case-by-case analysis in the instant case, the Court finds that its order granting judgment to Xilinx required significant analysis of Papst's patents and recent U.S. Supreme Court and Federal Circuit case law in a complex and developing area of law. *See Papst Licensing GmbH & Co. KG v. Xilinx Inc.*, --- F. Supp. 3d ----, 2016 WL 3196657 (N.D. Cal. June 9, 2016). Specifically, the Court granted judgment to Xilinx for the Papst Patents' failure to claim patent-eligible subject matter under 35 U.S.C. § 101. *Id.* The U.S. Supreme Court's ruling in

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), significantly changed the law on patentable subject matter under Section 101. Of course, there is no categorical rule that attorney's fees are unavailable in cases resolved under Section 101 because whether a case is exceptional must be determined on a case-by-case basis considering the totality of the circumstances. *Octane*, 134 S. Ct. at 1756.

Nonetheless, in its order granting judgment for Xilinx, this Court relied primarily upon case law developed after Papst filed its lawsuit in 2014 and developed even during the briefing on Xilinx's motion for judgment on the pleadings. For example, the Court's order resolving Xilinx's motion for judgment on the pleadings required the Court to distinguish the instant case from *Enfish, LLC v. Microsoft Corp.*, 822, F.3d 1327 (Fed. Cir. 2016), which was decided by the Federal Circuit during briefing on Xilinx's motion for judgment on the pleadings. Because this is a complex and developing area of the law, although the Court found Papst's arguments unpersuasive, Papst's position was not so baseless as to make this case exceptional. *See Synopsys, Inc. v. Mentor Graphics Corp.*, No. , 2015 WL 4365494 (N.D. Cal. July 16, 2015) (denying motion for attorney's fees and noting that summary judgment under Section 101 was granted "in the context of a developing area of the law, namely, when a patent claiming an otherwise ineligible abstract idea or mental process includes in addition what has been characterized as an 'inventive concept'").

Xilinx additionally argues that the substantive weakness of Papst's litigating position is heightened by the alleged weakness of Papst's litigating positions on novelty and obviousness. However, the Court never ruled on novelty and obviousness because Xilinx did not raise these issues in its motion for judgment on the pleadings. Accordingly, the Court declines to speculate on the substantive strength of Papst's litigating position as to novelty and obviousness.

As to the manner in which Papst pursued this litigation, Xilinx argues that Papst engaged in "procedural gamesmanship" by filing suit in Delaware and then opposing Xilinx's motion to transfer venue. The Court does not find that Papst's decision to file suit in Delaware and oppose transfer to California makes this case exceptional. Although Xilinx's motion to transfer venue to

1  California was granted based on the convenience of the parties, Xilinx is incorporated in
2  Delaware, so venue was proper in Delaware under 28 U.S.C. § 1391.  As the District of Delaware
3  held in ruling on Xilinx's motion to transfer venue, the District of Delaware "has repeatedly found
4  that it is plainly rational and legitimate for a plaintiff to choose to sue a defendant in that
5  defendant's state of incorporation—a district where a plaintiff can have some certainty that there
6  will be personal jurisdiction over the defendant."  *Papst Licensing GmbH & Co. KG v. Lattice*
7  *Semiconductor Corp.*, 126 F. Supp. 3d 430, 438 (D. Del. 2015).  The District of Delaware further
8  found that "there are clear, legitimate reasons why Plaintiff chose [the District of Delaware] for
9  suit."  *Id.*  Thus, it was not an improper litigation tactic for Plaintiff to file suit in Delaware.

Additionally, the Court notes that to the extent Papst attempted to file suit in its venue of choice, the same can be said of Xilinx.  Xilinx filed suit against Papst in California the same day Papst filed suit against Xilinx in Delaware, and Papst successfully obtained dismissal of Xilinx's California action because this Court determined that Papst was not subject to personal jurisdiction in California under binding Federal Circuit law.  *Xilinx, Inc. v. Papst Licensing GMBH & Co. KG*, 113 F. Supp. 3d 1027, 1045 (N.D. Cal. 2015) (applying the Federal Circuit's standard for assessing personal jurisdiction as set forth in *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998), and its progeny).  Therefore, in the course of this litigation, Papst's litigation tactics regarding choice of forum is not exceptional.

Considering the totality of the circumstances, the Court concludes that the instant case is not exceptional under 35 U.S.C. § 285.  Accordingly, the Court declines to exercise its discretion to award attorney's fees to Xilinx.

**IV.  CONCLUSION**

For the foregoing reasons, Xilinx's motion for attorney's fees is DENIED.

**IT IS SO ORDERED.**

Dated: August 18, 2016

6

Case No. 16-CV-00925-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

7

Case No. 16-CV-00925-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES